Brian S. King, #4610
Brent J. Newton, #6950
Samuel M. Hall, #16066
BRIAN S. KING PC
420 East South Temple, Suite 420
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com
brent@briansking.com
samuel@briansking.com

Attorneys for Plaintiffs

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| E.W. and I.W.,<br><br>    Plaintiffs,<br>vs.<br><br>HEALTH NET LIFE INSURANCE COMPANY, and HEALTH NET OF ARIZONA, INC.<br><br>    Defendants. | DECLARATION OF BRIAN S. KING<br><br><br><br>Civil No. 2:19-cv-00499-TC-DBP |

## DECLARATION OF BRIAN S. KING

1. I am an attorney over the age of 18 years, a member in good standing of the Utah State Bar, am competent to provide this testimony and I have personal knowledge of the matter of which I testify.

2. I received my J.D. degree in 1985 from the University of Utah. I have practiced law continuously in the State of Utah since 1985.

3. I have practiced law for almost 35 years, approximately 26 of which have been almost exclusively devoted to representing participants and beneficiaries of employee

1

welfare benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

4. My representation of participants and beneficiaries in ERISA cases has been at all phases of insurance claim development. I have been involved assisting plan participants and beneficiaries in preparing claims for submission, appealing denied claims in the pre-litigation appeal process, and litigating in district and appellate courts. I have been an AV rated lawyer by Martindale-Hubbell since 2001.

5. I am admitted to practice before the state and federal courts in Utah. Given my focus on ERISA, over the past 25 years I have practiced in many courts across the country and have been admitted to practice before the Supreme Court, the First, Fifth, Ninth, Tenth, and Eleventh Circuit Courts of Appeal, and many federal district courts across the country.

6. I have spoken and lectured on various aspect of ERISA at various times and places, to both attorney and non-attorney audiences, many times in the past twenty-five years. I have also testified before the U.S. Department of Labor twice in the last twenty-five years about proposed changes to various aspects of ERISA's claims procedure regulations.

7. Reported decisions in ERISA cases in which I have represented claimants include *David P. v. United HealthCare Ins. Co.*, 77 F.4th 1293 (10th Cir. 2023); *D.K. v. United Behavioral Health*, 67 F.4th 1224 (10th Cir. 2023); *Danny P. v. Catholic Health Initiatives*, 891 F.3d 1155 (9th Cir. 2018); *Stephanie C. v. Blue Cross Blue Shield of Massachusetts HMO Blue, Inc.*, 813 F.3d 420 (1st Cir. 2016); *Kellogg v. Metropolitan Life Ins. Co.*, 549 F.3d 818 (10th Cir. 2008); *Christine S. v. Blue Cross Blue Shield of*

*New Mexico*, 428 F.Supp.3d 1209 (D. Utah 2019); *Michael W. v. United Behavioral Health*, 420 F.Supp.3d 1207 (D. Utah. 2019); *Charles W. v. Regence Bluecross Blueshield of Oregon*, 2019 U.S. Dist. LEXIS 167184 (D. Utah 2019); *Timothy D. v. Aetna Health & Life Ins. Co.*, 2019 U.S. Dist. LEXIS 100388 (D. Utah 2019); *Michael D. v. Anthem Health Plans of Kentucky, Inc.*, 369 F.Supp.3d 1159 (D. Utah 2019); *B.D. v. Blue Cross Blue Shield of Georgia*, 2018 U.S. Dist. LEXIS 16993 (D. Utah 2018); *William G. v. United Healthcare*, 2017 U.S. Dist. LEXIS 85182 (D. Utah 2017); *John H. v. United Healthcare*, 2017 U.S. Dist. LEXIS 73593 (D. Utah 2017); and *Lynn R. v. ValueOptions*, 2017 U.S. Dist. LEXIS 134367 (D. Utah 2017) and *Joseph & Gail F. v. Sinclair Services Co.*, 158 F.Supp.3d 1239 (D. Utah 2016).

8. My practice consists predominantly of representing ERISA plaintiffs in their denied health, long-term disability and life insurance claims. As in this case, I usually represent my clients on a contingent fee basis. However, I have some clients who pay me by the hour, and I bill those clients and regularly collect at the hourly rate I identify in paragraph eleven.

9. I am generally familiar with the hourly rates charged across the nation by ERISA attorneys, as I have practiced in many districts and circuits around the nation and I am familiar with a number of attorneys across the country whose practices focus on ERISA.

10. Very few attorneys across the country regularly represent claimants in cases that involve ERISA. It is an extraordinarily difficult and frustrating area in which to practice law and represent claimants.

11. My current hourly rate for representation of ERISA plaintiffs on a non-contingent fee basis is $600 per hour.

12. The $600 rate represents not just a rate at which I charge but one at which I actually regularly collect a fee. I rarely reduce or cut to any degree my hourly rate below $600 an hour when I do work on an hourly basis. In the past few years I have charged and collected for work at that hourly rate on several occasions.

13. I am familiar with the hourly rates of attorneys of various levels of experience, paralegals, and legal assistants across the country in this area of work. Based on national standards, the nature of my practice and the specialized knowledge required to practice in this area of law, I believe the hourly rates identified in this declaration for myself and my associate are reasonable for my work and the work of my associate attorney.

14. Much of the work on the case was performed by my associate attorney at the time, Tera J. Peterson. Ms. Peterson graduated from the University of Utah S.J. Quinney College of Law in 2001 and has extensive experience in litigation and specifically has worked for many years drafting appellate pleadings. During the time she was working on this case, the hourly rate for Ms. Peterson on non-contingent fee cases was $300.

15. I have reviewed all the papers my office prepared to present the issues in the case before the Court for decision.

16. The firm's attorneys keep track of the time for cases the law firm handles, including contingent fee cases. A copy of the ledger for work I actually performed in this matter is attached at the conclusion of this declaration.

17. A copy of the ledger for the work Ms. Peterson performed in this matter is also attached at the conclusion of this declaration.

18. My total hours in this case are 117.7. Multiplied by my reasonable hourly rate of $600, the award of attorney fees I am requesting for my time is $70,620.

19. Ms. Peterson's total hours in this case are 140.2. Multiplied by her reasonable hourly rate of $300, the award of attorney fees requested for her time is $42,060.00.

20. The total hours for the work in this matter performed by myself and Ms. Peterson are 257.9. Multiplied by the hourly rates I have identified in this Declaration, the total amount sought in the Plaintiffs' Motion for Award of Attorney Fees is $112,680.

21. I believe the time the firm put into the case was necessary to obtain the results we realized in the case and was reasonable and appropriate under the circumstances of this case.

22. I certify under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746(2).

DATED this 5th day of December, 2023.

s/Brian S. King
Brian S. King

BSK Time for E.W. & I.W. v. HealthNet

| | |
|---|---|
| 2019.05.23 Review file and summarize case: | 4.0 |
| 2019.06.17 Conference call with clients: | .9 |
| 2019.06.28 Prepare and send Contingency Fee Agreement to clients: | .3 |
| 2019.07.04 Email from clients re: fee agreement: | .1 |
| 2019.07.16 Review Court filing re: case indexed & assigned to Mag Judge Romero: | .2 |
| 2019.07.17 Email to Client re: update on filed Complaint | .4 |
| 2019.08.07 filing Waiver of Service with court: | .2 |
| 2019.08.09 email to opposing counsel re: Plaintiffs' Full Names, member ID, and date of birth: | .2 |
| 2019.09.09 review Notice of Presiding Magistrate Assignment: | .1 |
| 2019.09.10 Prepare and file Plaintiffs' Consent to Magistrate Form: | .2 |
| 2019.09.16 review Defts Motion to Dismiss: | .7 |
| 2019.09.17 review Order for Case to be Reassigned: | .1 |
| 2019.10.12 Draft Opp memo to MTD: | 2.1 |
| 2019.10.13 Revise and edit Opp Memo to MTD: | 3.0 |
| 2019.10.14 Finalize and file Oppp Memo for] MTD: | 2.6 |
| 2019.10.25 Conference Call with clients re: Contingency Agreement: | .3 |
| 2019.10.28 Review Defts Reply to Response to MTD: | .5 |
| 2019.11.13 Prepare and file Notice of Change of Address: | .2 |
| 2020.01.28 Review Notice of Hearing on Motion to MTD: | .2 |
| 2020.02.06 Calendar Amended Notice of Hearing on MTD: | .2 |
| 2020.04.08 Review and calendar Amended Notice of Hearing on MTD: | .2 |
| 2020.05.06 Review Notice Vacating Motion Hearing set for 6.4.2020: | .1 |
| 2020.05.19 Review Order and Memorandum Decision granting and denying MTD (.6); email to clients: .8 | |
| 2020.06.02 Review Answer to Complaint filed by Health Net Life Insurance: | .3 |
| 2020.07.13 Prepare APMR and Prop Sched Order for review and discussion with counsel: | .7 |
| 2020.07.29 emails with defense counsel re: edits to draft APMR: | .4 |
| 2020.07.30 APMR and Prop Sched Ord Filed: | .2 |
| 2020.08.05 Review Order Referring Case to Magistrate Judge: | .1 |

1

| | |
|---|---:|
| 2020.08.24 emails to and from clients re: case status and out of pocket payment questions (.6); review Court order re: need to file amended documents(.2): | .8 |
| 2020.08.31 emails to and from defense counsel re: new Draft Proposed Scheduling Order: | .6 |
| 2020.09.01 File proposed Scheduling Order: | .2 |
| 2020.09.10 Review Defendants' Initial Disclosures and Document Production: | .4 |
| 2020.09.15 Discussion with Garry Carneal at The Kennedy Forum re: results of MTD ruling: | .4 |
| 2020.09.16 emails to and from defense counsel re: obtaining Defts Document Production: | .7 |
| 2020.12.10 emails with clients - status of case and opening settlement offer: | 1.0 |
| 2020.12.14 Prepare Notice of Withdrawal of Counsel - Nediha Hadizadunic: | .2 |
| 2020.12.18 Provide Defense counsel with opening offer and claim calculation: | .4 |
| 2020.12.30 emails to and from defense counsel to discuss opening offer: | .2 |
| 2021.01.08 Correspondence with client re status of case and response of HealthNet to opening offer: | .4 |
| 2021.01.08 Draft stipulated motion and order to extend MSJs and proposed order and file with Court: | .4 |
| 2021.01.11 emails from and to clients re: Status of Case and Opening Settlement Offer: | .7 |
| 2021.01.11 emails to and from Michael Lieberman re: extending dispositive motions & filing proposed Order (.4); email to defense counsel re:documents missing from pre-litigation appeal record (.7): | 1.1 |
| 2021.01.15 email from and to defense counsel re: adding missing documents to the Record: | .3 |
| 2021.01.15 emails to and from defense counsel re: supplemental request for documents: | .3 |
| 2021.01.17 emails re: settlement discussions: | .6 |
| 2021.02.01 emails to and from client and Mike Lieberman re: settlement discussions: | .9 |
| 2021.02.05 settlement discussion emails with Mike and clients: | .4 |
| 2021.02.08 prepare stipulated motion to extend MSJs and proposed order: | .3 |
| 2021.02.10 emails to and from Mike re: settlement discussions: | .5 |
| 2021.02.11 telephone call with defense counsel re: settlement numbers: | .4 |
| 2021.02.15 email to clients with case update: | .5 |
| 2021.02.24 draft memo in support of MSJ: | 4.2 |
| 2021.02.25 draft and revise MSJ opening memo: | 3.4 |
| 2021.02.26 revise and finalize and file opening MSJ memo: | 5.2 |
| 2021.02.27 review defendants' opening MSJ memo and and draft outline for Opp Memo: | 4.8 |

| | |
|---|---|
| 2021.03.24 draft Opp Memo to defendants' MSJ: | 2.3 |
| 2021.03.25 draft, revise, and edit Opp Memo: | 6.0 |
| 2021.03.26 revise, finalize and file Opp Memo: | 2.5 |
| 2021.04.02 review and calendar Notice of Zoom Hearing on MSJ motions: | .2 |
| 2021.04.08 emails with defense counsel re: extending time for reply memos; edit draft stip and proposed order for extension: | .4 |
| 2021.04.14 review defense Opp Memo on MSJ and draft Reply: | 2.6 |
| 2021.04.15. draft, edit, and revise Reply memo: | 4.2 |
| 2021.04.16 edit and finalize Reply Memo: | 1.5 |
| 2021.04.17 review Reply Memo from Healthnet: | .4 |
| 2021.05.20 review court notice vacating final pretrial conference and trial date: | .1 |
| 2021.06.04 calendar amended notice of zoom hearing on MSJs: | .1 |
| 2021.06.17 receive and calendar zoom link for hearing: | .1 |
| 2021.06.24 prepare and file notice of supplemental authority re: D.K. v. United case (.6); prepare for and provide oral argument for MSJ (3.6): | 4.2 |
| 2021.09.10 review Order and Memorandum Decision on MSJ: | .9 |
| 2021.09.11 telephone call with clients re: ruling in case; email decision to clients: | 1.1 |
| 2021.09.13 draft and file Notice of Appeal: | .5 |
| 2021.09.27 arrange for filing of transcript of district court hearings (.4); draft and finalize docketing statement and entry of appearance for appeal (1.4): | 1.8 |
| 2021.09.28 review minute order re: transcripts: | .1 |
| 2021.09.29 review notice of intent to redact filed by Healthnet: | .2 |
| 2021.10.04 calendar due date for opening brief: | .2 |
| 2021.10.05 telephone call with clients to update status of case: | .3 |
| 2021.10.12 review motion to redact transcript and prepare redactions: | .8 |
| 2021.10.28 client update re: status of case and timing on moving ahead on appeal: | .3 |
| 2021.11.17 emails from and to clients re: how mediation process works: | .4 |
| 2021.11.30 work re: settlement order and ongoing mediation; t/c with clients re: status: | .9 |
| 2021.12.16 telephone discussions with Dave Aemmer re: mediation in case: | 1.2 |

| | |
|---|---:|
| 2022.01.03 emails with clients re: settlement offers and counteroffers and strengths and weaknesses of case: | .7 |
| 2022.01.14 additional settlement discussions for case: | .4 |
| 2022.01.24 emails from and to clients re: authorization for offers: | .5 |
| 2022.03.07 settlement discussions in case: | .3 |
| 2022.03.25 draft motion to extend time for filing opening brief: | .5 |
| 2022.03.29 emails to and from Abbi Coursolle at National Health Law Program re: amicus brief: | 1.7 |
| 2022.03.30 emails from and to Abbi re: amicus brief and emails to and from David Lloyd at The Kennedy Forum re: thoughts on parity aspect of appeal (2.0); file motion to extend time for filing opening brief (.3): | 2.3 |
| 2022.04.11 emails to and from Abbi re: content of amicus brief (.5); conference with Tera Peterson about working on appeal briefs (.4): | .9 |
| 2022.04.12 emails to and from Abbi re: amicus: | .3 |
| 2022.04.19 emails with Abbi about arguments for amicus and for opening brief: | .3 |
| 2022.04.29 draft and file additional extension for filing opening brief: | .8 |
| 2022.05.05 emails with Abbi re: amicus: | .2 |
| 2022.05.17 emails with Michael Lieberman re: additional extension of time for filing brief (.3); draft and file motion to extend (.5): | .8 |
| 2022.05.19 email with Abbi Coursolle re: draft amicus brief: | .4 |
| 2022.05.30 review draft amicus brief: | .6 |
| 2022.06.02 email to Abbi re: amicus brief: | .2 |
| 2022.06.04 review and revise draft of opening brief: | 2.1 |
| 2022.06.06 edit and revise draft of opening brief: | 3.0 |
| 2022.06.07 email with Abbi re: draft amicus brief: | .4 |
| 2022.06.13 edit and review HealthNet edits to draft joint response on motion to seal: | .4 |
| 2022.06.15 edit joint response to motion to seal: | .9 |
| 2022.06.27 review consent to file amicus: | .2 |
| 2022.06.28 review amicus brief from National Health Law Program & The Kennedy Forum: | 1.0 |
| 2022.07.06 emails from and to HealthNet attorneys re: extension of time to file brief: | .2 |
| 2022.07.29 emails from and to defense counsel re: motion to file Opp brief under seal: | .3 |

| | |
|---|---|
| 2022.08.01 review brief filed by HealthNet and prepare outline for Reply brief: | 1.9 |
| 2022.08.21 review Tera's draft materials for reply brief: | .7 |
| 2022.08.23 review and revise draft reply brief: | 2.1 |
| 2022.09.23 calendar oral argument notice and prepare acknowledgment form: | .4 |
| 2022.09.28 discuss Theo M. decision and 28(j) letter with Tera: | .2 |
| 2022.10.10 emails to and from clients re: status update on case: | .6 |
| 2022.11.17 prepare for oral argument at Tenth Circuit; fly to Denver to argue: | 6.2 |
| 2022.11.18 prepare for and present oral argument (3.5); fly home: | 6.0 |
| 2022.11.19 telephone call with clients re: report on oral argument for case: | .6 |
| 2023.05.16 provide supplemental authority to court for D.K. v. United: | .5 |
| 2023.05.24 review HealthNet response to D.K. v. United case: | .3 |
| 2023.09.05 email from The Kennedy Forum re: Ninth Cir. district court opinion on MHPAEA: | .2 |
| 2023.11.21 review Circuit decision in case (.7); email to clients re: decision and its effect (.5): | 1.2 |
| 2023.12.01 prepare motion for award of attorney fees: | 2.0 |
| 2023.12.04 t/c with Mike and Sam Ruddy re: the way forward in resolving case: | .3 |
| 2023.12.05 prepare and finalize motions for award of attorney fees to be filed in district court and at Tenth Circuit: | 4.2 |

**Total Hours:** **117.7**

Tera Peterson Time Ledger for E.W. v. Health Net

| **Date** | **Matter** | **Task** | **Time** |
| --- | --- | --- | --- |
| 4/26/22 | 21-4110 10th Cir. | Reviewed 10th circuit rules and district court docket to determine materials that must be included in appendix | 0.7 |
| 4/28/22 | 21-4110 10th Cir. | Collected and began reviewing MTDs, MSJs, and court's decisions | 2.1 |
| 4/29/22 | 21-4110 10th Cir. | Reviewed docket and pleading and prepared list for appendix, located documents and discussed/advised Elisabeth on preparing appendix; prepared extension motion | 2.3 |
| 5/4/22 | 21-4110 10th Cir. | Reviewed and edited appendix cover sheet and index; instructed staff to locate docket 46 & exhibits for inclusion; reviewed MTD decision and pleadings; drafted facts for court's decision | 5.7 |
| 5/5/22 | 21-4110 10th Cir. | Reviewed/analyzed MSJ decision and pleadings; drafted statement of issues, researched discovery on MHPAEA claims | 3 |
| 5/9/22 | 21-4110 10th Cir. | Continued researching discovery on MHPAEA claims and pleading standards on motion to dismiss MHPAEA claim | 4 |
| 5/10/22 | 21-4110 10th Cir. | Researched de novo v. arbitrary and capricious review standards, distric court's consideration of materials not in prelitigation record | 3.1 |
| 5/11/22 | 21-4110 10th Cir. | Started drafting de novo review section and reviewing materials outside of record section; researched prejudice requirement | 3.4 |
| 5/12/22 | 21-4110 10th Cir. | Consulted with Brian re:removing de novo standard and consulting materials outside of record arguments; removed same arguments; reorganized argument and issue statement sections | 2.7 |
| 5/13/22 | 21-4110 10th Cir. | Started drating statement of the case section: I.W.'s history and treatment | 3.2 |
| 5/16/22 | 21-4110 10th Cir. | Drafted statement of the case: Health Net's denials, P's appeals, and InterQual Criteria. Studied InterQual Criteria to make sure 2016 were applied, drafted summary of criteria and application | 4 |
| 5/17/22 | 21-4110 10th Cir. | Drafted statement of the case: parties' pleadings and district court's rulings, researched jurisdiction in district court and appellate court, drafted jurisdictional statement section | 4.9 |
| 5/19/22 | 21-4110 10th Cir. | Drafted Argument I.A: Fed. R. Civ. P. 8 and 12(b)(6) standards for MHPAEA claims | 6 |
| 5/20/22 | 21-4110 10th Cir. | Begain drafting Argument I.B: discovery for MHPAEA claims | 5.8 |
| 5/30/22 | 21-4110 10th Cir. | Reviewed Kennedy Forum amicus brief & discussed with Brian, made comments in track changes and sent email to Abbi Coursolle and Elizabeth Edwards | 2.2 |

| Date | Matter | Description | Hours |
|---|---|---|---|
| 5/30/22 | 21-4110 10th Cir. | Drafted Section II.C. that district court erroneously refused to address InterQual criteria argument and located and included in brief supporting examples from medical records | 6.8 |
| 5/31/22 | 21-4110 10th Cir. | Finished drafting argument argument II.A., begain drafting argument II.B.: deial letters were insufficient, researched same | 5.5 |
| 6/1/22 | 21-4110 10th Cir. | Finished argument II.B.: deial letters were insufficient, and gave draft to Brian | 5.7 |
| 6/6/22 | 21-4110 10th Cir. | Reviewed final appendices & instructed Elisabeth on corrections to make; incorporated edits from Brian into brief; incorporated citations from appendices; drafted introduction and summary sections of brief; proofread and edited brief; cite checked; created tables of contents and authorities; created certificates; attached attachments to brief; formatted final brief and appendices for filing; drafted motions to file Att. D and appendices under seal; filed brief, 41 volume appendix under seal, motion to file appendix under seal, Att. D under seal, and motion to file Att. D under seal | 16.5 |
| 6/7/22 | 21-4110 10th Cir. | Researched appellate rules for notice of amicus to file amicus brief, drafted email & sent our brief to amicus | |
| 6/8/22 | 21-4110 10th Cir. | Reviewed/analyzed ct.'s order re:appendix, consulted w/Brian re: same; email correspondence and conference call w/opposing counsel; researched caselaw re:sealing | 2.3 |
| 6/9/22 | 21-4110 10th Cir. | Reviewed Appendices and prelitgation record to identify documents within and whether they require sealing, drafted joint response to ct.'s order and sent to opposing counsel | 3.5 |
| 6/10/22 | 21-4110 10th Cir. | Prepared list for Elisabeth of changes needed to make amended appendix, correspondended w/opposing counsel re:joint supplement | 1.3 |
| 8/2/22 | 21-4110 10th Cir. | Reviewed/analyzed Health Net's responsive brief & Kennedy Forum amicus brief | 1.5 |
| 8/11/22 | 21-4110 10th Cir. | Reviewed appellate rules for reply briefs, reviewed reply briefs in other cases, began drafting captions and outlining sections | 1.3 |
| 8/12/22 | 21-4110 10th Cir. | More in-dpeth review of HealthNet's brief, checked factual accuracy of claims, reviewed our brief/arguments | 3.7 |
| 8/17/22 | 21-4110 10th Cir. | Outlined HealthNet's brief and arguments, legal research on their claims and their caselaw support | 3.9 |

| Date | Case | Description | Hours |
|---|---|---|---|
| 8/18/22 | 21-4110 10th Cir. | Researched Rule 8 pleading standard, whether medical necessity challenge can be facial challenge, Twombly, Iqbal, and difference between fact/law/conclusion | 6.1 |
| 8/19/22 | 21-4110 10th Cir. | Continued legal research on Twombly/Iqbal standard and drafted Section I | 6.3 |
| 8/20/22 | 21-4110 10th Cir. | Researched mortality rates for eating disorders; drafted Section II | 6.2 |
| 8/23/22 | 21-4110 10th Cir. | Edited & revised, drafted introduction, checked citations, prepared tables and certificates, proofread final draft, formatted and filed | 12.7 |
| 9/28/22 | 21-4110 10th Cir. | Reviewed/analyzed decision in Theo M. (case no 2:19-cv-00364); reviewed F.R.App.P. 28(j), drafted 28(j) letter | 0.7 |
| 11/17/22 | 21-4110 10th Cir. | Reviewed briefing; prepared for moot; printed out cases and documents for Brian; mooted Brian for OA | 3.1 |

**Total:** 140.2