Brian S. King, #4610
Brent J. Newton, #6950
Samuel M. Hall, #16066
Andrew J. Somers, #19078
**BRIAN S. KING, P.C.**
420 East South Temple, Suite 420
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com
brent@briansking.com
samuel@briansking.com
andrew@briansking.com

Attorneys for Plaintiffs

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| E.W., and I.W., <br><br> Plaintiffs, <br><br> vs. <br><br><br> HEALTH NET LIFE INSURANCE COMPANY, and HEALTH NET of ARIZONA, INC. <br><br> Defendant. | ATTORNEY PLANNING MEETING REPORT <br><br><br><br> Civil No. 2:19-cv-499-DBB-DBP <br><br><br> District Judge David B. Barlow <br><br> Magistrate Judge Dustin B. Pead |

**1.     PRELIMINARY MATTERS**:

   a.   The nature of the claims and affirmative defenses is: This case involves claims for alleged violation of the federal Mental Health Parity and Addiction Equity Act (MHPAEA) brought under ERISA, 29 U.S.C. § 1132(a)(3).

   b.   This case is      ____ not referred to a magistrate judge

                   __X__ referred to magistrate judge

                        __X__ under 636(b)(1)(A)

                        _____ under 636(b)(1)(B)

1

     _____assigned to a magistrate judge under General Order 07-001

      and

       ____ all parties consent to the assignment for all

        proceedings or

       ____ one or more parties request reassignment to a district

        judge

  c. Pursuant to Fed. R.Civ.P. 26(f), the parties have discussed the issues and stipulate to the following proposed schedule.  Plaintiffs are represented by Brian S. King, Brent J. Newton, Samuel M. Hall and Andrew J. Somers of BRIAN S. KING, PC, and Defendant Health Net Life Insurance and Health Net of Arizona Inc (collectively "Health Net") are represented by Michael W. Lieberman, Samuel H. Ruddy of CROWELL & MORING, LLP and Scott M. Petersen of FABIAN VANCOTT, PC.

  d. The parties __ request /_X_ do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order.

  e. The parties __X__ have exchanged the initial disclosures required by Rule 26(a)(1)and the full and complete pre-litigtation appeal record,.

  f. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed.R.Civ.P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission.  Such electronic service will constitute service and notice of entry as required by those rules.  Any right to service by USPS mail is waived.

2. **DISCOVERY PLAN**: This case involves claims for violation of the federal Mental Health Parity and Addiction Equity Act ("MHPAEA") brought under ERISA, 29 U.S.C. § 1132(a)(3).  Because summary judgment was previously granted on Plaintiffs' other cause of action, denial of benefits under 29 U.S.C. § 1132(a)(1)(B), no further discovery on that claim is permitted.

The parties stipulate that the remaining claim in this case is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et* seq ("ERISA") and by the

requirements of MHPAEA. Defendants have already produced the pre-litigation administrative record to Plaintiffs during prior district court proceedings in this case.

The parties agree there may be some limited additional discovery in this case, and they are currently meeting and conferring regarding the scope of that discovery. The parties shall submit a revised scheduling order addressing the scope of discovery by **4/19/24**. Defendants reserve all rights to move for a protective order or for cost-shifting to the extent Plaintiffs' discovery requests are objectionable and/or disproportionate to the needs of the case.

The parties agree the last day to serve written discovery is **8/16/24**, and the close of fact discovery is **9/27/24**.

<u>Discovery of electronically stored information should be handled as follows</u>:
Information shall be provided in PDF format.
The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: as allowed under the Rules of Civil Procedure.

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

    The cutoff date for filing a motion to amend pleadings or to join additional parties is: **N/A**

    *(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P. 15(a))*.

4. **EXPERT REPORTS**:

    Disclosures and reports under Rule 26(a)(2) will be submitted on the following dates:

    a. Plaintiffs: **10/18/24**

    b. Defendants: **12/6/24**

5.  **OTHER DEADLINES**:
    a.  Last Day for Expert Discovery: **1/17/25**
    b.  Deadline for filing partial or complete motions to exclude expert testimony: **2/7/25**
    c.  Deadline for filing opposition to partial or complete motions to exclude expert testimony: **2/28/25**
    d.  Deadline for filing reply in support of partial or complete motions to exclude expert testimony: **3/14/25**
    e.  *Daubert* hearing (if necessary, and depending on the Court's availability): **3/28/25**
    f.  Cross-motions for summary judgment: **4/11/25**
    g.  Opposition to motions for summary judgment: **5/9/25**
    h.  Replies in support of motions for summary judgment: **5/30/25**
    j.  Summary judgment hearing (if necessary, and depending on the Court's availability): **6/20/25**

6.  **ADR/SETTLEMENT**:
    a.  The potential for resolution before trial is: ___ good   ___ fair   __X__ poor   ___ unable to determine prior to completion of discovery
    b.  This case should be referred to the court's alternative dispute resolution program for   arbitration: _____   mediation: __X__
    c.  The case should be re-evaluated for settlement/ADR resolution on or before: **12/6/24**

7.  **TRIAL AND PREPARATION FOR TRIAL:**
    a.  The Court shall determine a date for trial and pretrial procedures upon resolution of the parties' dispositive motions. Should the case proceed to trial, the parties anticipate a bench trial of 2-4 days.

| | |
|---|---|
| DATED this 15th day of March, 2024. | DATED this 15th day of March, 2024. |
| */s/ Brian S. King* | */s/ Michael W. Lieberman (signed with permission)* |
| Attorney for Plaintiffs | Attorney for Defendant Health Net Life Insurance Company, and Health Net of Arizona, Inc. |